Amended

# UNITED STATES DISTRICT COURT

FILED
DATE: August 31, 2026
TIME: 4:10:24 PM
GUILFORD COUNTY
CLERK OF SUPERIOR COURT
BY: J. Burney

for the

Middle District of North Carolina

Greensboro Division

Travis Andre Goldston

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Breece Enterprise, Inc.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 26CV017712-400
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Travis Andre Goldston |
| Street Address | 3207 Morley Road |
| City and County | Greensboro, Guilford County |
| State and Zip Code | North Carolina, 27405-4108 |
| Telephone Number | 743-209-8100 |
| E-mail Address | travis.goldston21@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Breece Enterprises, Inc. |
| Job or Title *(if known)* | |
| Street Address | 631 Old Thomasville Road |
| City and County | High Point, Guilford County |
| State and Zip Code | North Carolina, 27260 |
| Telephone Number | 336-841-0847 |
| E-mail Address *(if known)* | dcmeow3@yahoo.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Telephone Number
E-mail Address *(if known)*

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Breece Enterprises, Inc. |
| Street Address | 631 Old Thomasville Road |
| City and County | High Point, Guilford |
| State and Zip Code | North Carolina, 27260 |
| Telephone Number | 336-841-0847 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

False Claims Act, 31 U.S.C. §§ 3729–3733

☒ Relevant state law *(specify, if known)*:

N.C. Gen. Stat. § 75-1.1; N.C. Gen. Stat. § 143-422.2; and N.C. Gen. Stat. §§ 1-605 through 1-618

☒ Relevant city or county law *(specify, if known)*:

Greensboro, N.C., Code of Ordinances, Ch. 12, Art. IV, Div. 4.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Planned Obsolescence

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

July 2024, through June, 2025

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

| | | |
|---|---|---|
| ☒ | race | "During my employment, I was subjected to severe, ongoing racial harassment and physical threats from a co-worker, which management witnessed but refused to remedy. Based on my race, I was systematically denied equipment training, promotions, and commercial driving duties in favor of less-qualified, non-minority employees, and ultimately wrongfully terminated and replaced by a white co-worker. This sustained hostile environment and subsequent retaliatory treatment by management directly resulted in a severe panic attack causing a motor vehicle accident, and a formal diagnosis of PTSD. |
| ☐ | color | |
| ☒ | gender/sex | On June 10, 2025, I announced to the superintendent and my crew that my wife and I were expecting a baby. Immediately following this announcement, my employment was terminated. This termination constitutes gender or sex discrimination based on sex-based stereotypes regarding male employees and family responsibilities. |
| ☐ | religion | |
| ☐ | national origin | |
| ☐ | age *(year of birth)* | ________ *(only when asserting a claim of age discrimination.)* |
| ☐ | disability or perceived disability *(specify disability)* | |

E. The facts of my case are as follows. Attach additional pages if needed.

STATEMENT OF CLAIM

PARTIES AND BACKGROUND

1. Plaintiff is a resident of Greensboro, North Carolina. At all times relevant to this action, Plaintiff was employed by Defendant as a Laborer and Crew Lead on Foreman Stephan Davenport's crew.

2. Plaintiff passed a pre-employment drug screen on June 6, 2024, before beginning employment with Defendant on June 10, 2024.

3. Plaintiff held a valid Commercial Driver's License (CDL) and was fully qualified to perform equipment operation and commercial driving duties.

INITIAL PROTECTED ACTIVITY & MANAGEMENT MEETINGS

4. On or about August 9, 2024, Plaintiff was encouraged by Foreman Stephan Davenport to meet with Company Vice President Jacob Breece to request a pay increase to properly compensate Plaintiff for performing daily duties as a Crew Lead since June.

5. During this August 9, 2024 meeting, Plaintiff discussed the pay increase, position responsibilities, and safety concerns with Vice President Breece. Plaintiff specifically informed Mr. Breece of Plaintiff's status as a small business owner, expressing a desire to eventually operate as a subcontractor for Defendant, while emphasizing the necessity of prioritizing the safety and well-being of co-workers and customers.

RACIAL HARASSMENT & HOSTILE WORK ENVIRONMENT

6. During Plaintiff's employment, a co-worker and crew member subjected Plaintiff to ongoing, severe, and unwelcome racial harassment, including explicit, racially derogatory slurs.

7. On or about September 3, 2024, Plaintiff reported this racial harassment to management, specifically Superintendent Mike Dewitt and Foreman Stephan Davenport. Plaintiff and other crew members directly confronted the offending employee in the Superintendent's presence.

8. During this meeting, the offending co-worker escalated the hostility by making direct threats of physical violence and using additional racial slurs in front of management (Dewitt and Davenport).

9. Defendant failed to terminate the harassing employee or take prompt, effective remedial action.

PROTECTED SAFETY REPORTS (OSHA, DOT, FMCSA)

10. On or about October 12, 2024, Plaintiff engaged in legally protected activity by reporting violations of workplace safety and federal transportation regulations to Superintendent Mike Dewitt, Foreman Stephan Davenport, and Foreman Donald Baker.

11. The reported violations included Occupational Safety and Health Administration (OSHA) and Department of Transportation (DOT)/Federal Motor Carrier Safety Administration (FMCSA) standards—specifically 29 CFR § 1926.652 (Requirements for protective systems in excavations/trench boxes), 49 CFR § 392.4 (Drugs and other substances), and 49 CFR § 382.213 (Controlled substance use)—as well as unsafe and hostile work conditions and continued racial harassment.

12. On or about December 17, 2024, rather than remedying the hostile environment, Defendant placed the harassing and threatening co-worker directly back onto Plaintiff's immediate crew, thereby perpetuating an intimidating and unsafe work environment.

DISCRIMINATION & DISPARATE TREATMENT

13. As a direct result of Plaintiff's protected reports, and based on Plaintiff's race, Defendant subjected Plaintiff to disparate treatment and retaliatory adverse actions.

14. Despite Plaintiff's qualifications and valid CDL, Defendant systematically refused to assign Plaintiff commercial driving duties, instead assigning those routes and opportunities to similarly situated or less-qualified non-protected employees.

15. Defendant also denied Plaintiff equipment operator training and passed over Plaintiff for promotion to an Equipment Operator position due to Plaintiff's race.

ROBERTS COURT SEWER REPLACEMENT PROJECT (HIGH POINT, NC)

16. On or about April 30, 2025, Defendant assigned Stephan Davenport's crew to the Roberts Court Sewer Replacement Project in High Point, North Carolina. A worksite inspection was conducted by Vice President Jacob Breece and Superintendent Mike Dewitt.

17. On or about May 14 and May 30, 2025, Defendant forced Plaintiff to operate a commercial vehicle that had failed a pre-trip inspection, in direct violation of DOT and FMCSA rules and regulations, explicitly telling Plaintiff to "do it or go home."

18. Between May 19 and May 21, 2025, Defendant instructed Plaintiff to ignore the directives of High Point Building Codes and Inspectors regarding the installation of materials (specifically, utilizing horizontal couplings without the required rigid backing).

19. On or about May 19, 2025, Superintendent Mike Dewitt explicitly told Foreman Davenport and Plaintiff that the improper materials were intentionally being used as a form of "planned obsolescence" because the Roberts Court Apartments were managed by the High Point Housing Authority.

RETALIATION, WRONGFUL TERMINATION & DAMAGES

20. On June 9, 2025, Plaintiff was issued a disciplinary write-up for a family emergency that had occurred on or around June 2, 2025.

21. On that same day, June 9, 2025, Superintendent Mike Dewitt reprimanded the entire crew, including Foreman Davenport, for allegedly not wearing proper Personal Protective Equipment (PPE) at a City Water Treatment Plant.

22. On June 10, 2025, Plaintiff announced a family pregnancy. Later that day, after the workday had concluded and while Plaintiff was being dropped off by a co-worker, Defendant, specifically Superintendent Mike Dewitt, wrongfully terminated Plaintiff.

23. Following this wrongful termination, Defendant immediately replaced Plaintiff with a white co-worker.

24. On June 13, 2025, Plaintiff met with Vice President Jacob Breece in an attempt to explain the circumstances surrounding the wrongful termination. Mr. Breece refused to address the safety violations, drug use, or the various systemic issues leading up to the termination. Instead, Mr. Breece continually belittled Plaintiff, describing Plaintiff as a "troublemaker" and stating Plaintiff was "not a team player." As a direct result of this hostile treatment, Plaintiff suffered a severe panic attack immediately following the meeting, which resulted in a motor vehicle accident.

25. On or about January 19, 2026, as a direct and proximate result of the severe harassment, hostile work environment, retaliatory termination, and ongoing psychological abuse inflicted by Defendant, Plaintiff was formally diagnosed with Post-Traumatic Stress Disorder (PTSD).

POST-TERMINATION PROTECTED DISCLOSURES

26. On or about July 1, 2025, Plaintiff contacted the High Point Housing Authority directly to report Defendant's intentional use of improper materials and planned obsolescence at the Roberts Court Sewer Replacement Project.

SUMMARY OF CLAIMS & EVIDENTIARY SUPPORT

27. Defendant's actions—including reassigning a violent and threatening harasser to Plaintiff's crew, denying career advancement and training, withholding CDL driving opportunities, wrongfully terminating Plaintiff and replacing Plaintiff with a white co-worker, ignoring severe public health and safety concerns (including OSHA violations, DOT/FMCSA violations, and planned municipal obsolescence), and enabling severe racial harassment—were taken maliciously and directly in retaliation for Plaintiff's legally protected safety reports and reports of racial harassment, as well as based on Plaintiff's race.

28. All allegations and claims set forth herein can be fully substantiated by contemporaneous evidence preserved by Plaintiff, including but not limited to photographs, screen captures, and detailed work notes.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Aug. 2024 through June 10, 2025

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 4/27/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Equitable Relief:
I demand the Company agree to establish and permanently fill two dedicated, full-time positions within 90 days of the settlement agreement: a Human Resources (HR) Personnel and a Health and Safety Officer (HSO). To ensure independence and objectivity, both the HR Personnel and the HSO must have no familial, financial, or substantial social relationship with any current owner, investor, or employee of the Company. Furthermore, neither position may be filled by any former employee.

Economic Damages (Lost Wages & Earning Capacity):
Back Pay: I am seeking $18,600 for lost wages and benefits. This covers the loss of approximately 6.2 months of compensation (June 10, 2025, to December 15, 2025) at a rate of $3,000 per month.
Loss of Earning Capacity (Front Pay): I am seeking $4,400,000 for the destruction of my career as a commercial driver and owner-operator. Prior to my employment with the Defendant, I successfully operated as an owner-operator holding a transportation contract with the United States Postal Service, earning $200,000 annually. Because of the spontaneous panic attacks and severe PTSD directly caused by the Defendant's hostile and retaliatory actions, I am now permanently unable to safely operate commercial vehicles. This amount represents my lost annual income of $200,000 multiplied by my 22 years of expected future employment in my established profession.

Pecuniary Losses:
Debt Consequence: I am seeking $28,550 to cover the total combined debt on which my wife and I defaulted due to my wrongful termination, the resulting loss of income, and our inability to maintain our debt consolidation payments.
Marriage Support: I am seeking $26,000 for future marriage counseling expenses. This covers the documented cost of 104 necessary marriage counseling sessions (four sessions per month for 2 years) required to treat the severe emotional distress and irreparable strain placed on my marriage as a direct consequence of the Company's unlawful actions.

Non-Pecuniary Loss:
Severe Emotional Distress: I am seeking $300,000, which represents the maximum statutory amount for severe emotional distress. This includes a formal PTSD diagnosis (January 19, 2026), nightmares, the profound trauma resulting from a near-fatal incident (being buried alive) caused by the Company's gross negligence, and the trauma of a severe panic-attack-induced motor vehicle accident directly resulting from management's hostile retaliation.

Total Financial Demand:
In addition to the Equitable Relief outlined above, I am seeking a total of $4,773,150 in combined economic, pecuniary, and non-pecuniary damages.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/31/2026

Signature of Plaintiff ______________________

Printed Name of Plaintiff TRAVIS GOLDSTON

**B. For Attorneys**

Date of signing: ______

Signature of Attorney ______________________

Printed Name of Attorney ______________________

Bar Number ______________________

Name of Law Firm ______________________

Street Address ______________________

State and Zip Code ______________________

Telephone Number ______________________

E-mail Address ______________________

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
(757) 600-4720
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/27/2026

FILED
DATE: August 31, 2026
TIME: 4:07:26 PM
GUILFORD COUNTY
CLERK OF SUPERIOR COURT
BY: J. Burney

**To:** Mr. Travis A. Goldston
3207 Morley Road
Greensboro, NC 27405

Charge No: 435-2025-01433

EEOC Representative and email: RORRIE JEFFERIES
EQUAL OPPORTUNITY INVESTIGATOR
RORRIE.JEFFERIES@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 435-2025-01433.

On behalf of the Commission,

Digitally Signed By:TaKeesha R. Washington
04/27/2026

TAKEESHA R. WASHINGTON
Acting Norfolk Local Office Director

Cc:

Denise Peal
Breece Enterprises
631 Old Thomasville Rd
High Point, NC 27260

BREECE Enterprises INC
2203 Eastchester Dr Suite 105
High Point, NC 27265

Bryant Aldridge
McAllister Law Firm
201 Neal Place
High Point, NC 27262

Please retain this Notice for your records.