IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | | |
|---|---|---|
| TRAVIS ANDRE GOLDSTON,<br><br>Plaintiff<br><br>v.<br><br>BREECE ENTERPRISES, INC.,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:26-cv-901 |

**DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Breece Enterprises, Inc. ("Breece"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.3, respectfully moves the Court to dismiss the claims identified below from the Amended Complaint filed by Plaintiff Travis Andre Goldston (Doc. 4). Breece is filing its Answer and a supporting brief contemporaneously with this motion.

In support of this motion, Defendant shows unto the Court as follows:

1. Plaintiff, who is proceeding *pro se*, alleges that he was employed by Breece from June 10, 2024, until his discharge on June 10, 2025 (DE 4, ¶¶ 2, 22). Using the standard form complaint for employment discrimination, Plaintiff invokes Title VII of the Civil Rights Act of 1964, the federal False Claims Act, 31 U.S.C. §§ 3729–3733, N.C. GEN. STAT. § 75-1.1, N.C. Gen. Stat. § 143-422.2, the North Carolina False Claims Act, N.C. GEN. STAT. §§ 1-605 through 1-618, and Greensboro, N.C., Code of Ordinances, Ch. 12, Art. IV, Div. 4. (DE 4 at 3.)

2. The federal False Claims Act claim fails to state a claim. The Amended Complaint identifies no false or fraudulent claim for payment presented to the United States, was not brought in the manner the statute requires for a *qui tam* action, and alleges no activity protected by 31 U.S.C. § 3730(h) that preceded, or could have caused, Plaintiff's discharge. Plaintiff's only alleged report to a third party about anything involved the Roberts Court project and occurred on or about July 1, 2025, three weeks after his employment ended. (D.E. 4, ¶ 26.)

3. The North Carolina False Claims Act claim fails for the same reasons. The Amended Complaint identifies no claim for payment presented to the State of North Carolina and no protected activity that preceded Plaintiff's discharge.

4. The claim under N.C. GEN. STAT. § 75-1.1 fails because disputes arising from the employer-employee relationship are not "in or affecting commerce" within the meaning of that statute.

5. The claim under N.C. GEN. STAT. § 143-422.2 fails because that statute does not create a private cause of action, and the public policy it expresses does not support claims for harassment, retaliation, or employment actions other than discharge.

6. The claim under the Greensboro Code of Ordinances fails because the Amended Complaint alleges that Breece is located in High Point, that Plaintiff's place of employment was in High Point, and that the only job site he identifies by location is in High Point. No fact alleged connects Breece or any challenged employment action to the City of Greensboro. Moreover, the ordinance sets forth a standard administrative

procedure and other procedural prerequisites that have not been followed or adhered to that preclude even the limited remedies provided for in the Ordinance. *See* Chap. 12, Div. 2, § 12-77. (https://library.municode.com/nc/greensboro/codes/code_of_ordinances?nodeId=COOR_CH12HURI_ARTIVDIPUACEM_DIV2CO_S12-77FICO).

7. To the extent the Amended Complaint can be read to assert claims based on alleged violations of workplace-safety, motor-carrier, or building-code requirements, on "planned obsolescence," or on negligence, those claims fail because the cited statutes and regulations provide no private right of action in this Court, because the applicable whistleblower statutes require administrative complaints that Plaintiff does not allege he filed, and because the North Carolina Workers' Compensation Act provides the exclusive remedy for workplace injury.

8. Plaintiff's Title VII claims are time-barred to the extent they rest on acts occurring before February 19, 2025. North Carolina is not a deferral state for these purposes, so Plaintiff was required to file his EEOC charge within 180 days of each challenged act. 42 U.S.C. § 2000e-5(e)(1). Plaintiff's charge is dated August 18, 2025 (DE 1-1 at 12–14.). Every dated act of alleged co-worker harassment in the Amended Complaint occurred in 2024 (DE, ¶¶ 7–8, 12), so the hostile-work-environment claim is untimely in its entirety.

9. Plaintiff's Title VII claims based on the alleged denial of equipment-operator training, promotion to an Equipment Operator position, and commercial driving

assignments (DE 4, ¶¶ 14–15) exceed the scope of his EEOC charge, which checked only "Retaliation," identified June 10, 2025, as the only date of discrimination, did not mention training or promotion, and stated that Breece had offered Plaintiff a full-time CDL driving position that he declined. (DE 1-1 at 12–13.)

10. Plaintiff's Title VII retaliation claim fails to the extent it rests on alleged complaints about workplace safety, federal transportation regulations, building codes, or "planned obsolescence," or on his post-termination contacts with the High Point Housing Authority, because none of that activity is protected by 42 U.S.C. § 2000e-3(a).

11. This motion does not seek dismissal of Plaintiff's Title VII claims that his June 10, 2025 discharge was because of his race or sex, or was in retaliation for his alleged complaints of racial harassment. Breece has answered those claims and denies that it violated Title VII.

12. The grounds for this motion are set forth more fully in Breece's supporting brief, filed contemporaneously herewith pursuant to Local Rule 7.3(a).

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claims under the federal False Claims Act, the North Carolina False Claims Act, N.C. GEN. STAT. § 75-1.1, N.C. GEN. STAT. § 143-422.2, and the Greensboro Code of Ordinances; dismiss any claim premised on the workplace-safety, motor-carrier, and building-code provisions referenced in the Amended Complaint or on negligence; dismiss Plaintiff's Title VII claims to the extent they are based on acts occurring before February 19, 2025, including his hostile-work-environment claim; dismiss Plaintiff's Title VII

claims based on the alleged denial of training, promotion, and commercial driving assignments; dismiss Plaintiff's Title VII retaliation claim to the extent it is premised on activity other than opposition to practices made unlawful by Title VII; and grant such other and further relief as the Court deems just and proper.

This, the 30th day of September, 2026.

/s/ *Jonathan Wall*
Jonathan Wall
N.C. State Bar No. 22839

*Attorney for Defendant*

OF COUNSEL:
HIGGINS BENJAMIN, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401-2260
(336) 273-1600
jwall@greensborolaw.com

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that a true and accurate copy of the pleading was served upon Plaintiff by placing a copy of same in the United States mail, first class postage pre-paid, addressed as follows:

Mr. Travis Andre Goldston
3207 Morley Road
Greensboro, NC 27405

This, the 30th day of September, 2026.

__/s/ *Jonathan Wall*__________
Attorney for Defendant