IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
**Greensboro Division**

OCT 22 2026
BT

| | | |
|---|---|---|
| TRAVIS ANDRE GOLDSTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:26-cv-901 |
| BREECE ENTERPRISES, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff Travis Andre Goldston, proceeding *pro se*, respectfully submits this Brief in Opposition to Defendant Breece Enterprises, Inc.'s Partial Motion to Dismiss. For the reasons set forth below, Plaintiff has sufficiently pled claims under Title VII of the Civil Rights Act of 1964 regarding harassment, adverse employment actions, and retaliation, and Defendant's motion should be denied.

## I. INTRODUCTION

Defendant seeks to prematurely dismiss Plaintiff's claims under Rule 12(b)(6), specifically attempting to exclude claims of a hostile work environment. However, taking the well-pleaded factual allegations in the Amended Complaint as true—which Defendant acknowledges it must do at this stage—Plaintiff has clearly alleged sufficient facts to satisfy the elements of Title VII and survive a motion to dismiss.

## II. ARGUMENT

## A. Plaintiff Has Sufficiently Pled a Claim for Title VII Harassment (Hostile Work Environment)

Defendant attempts to exclude Plaintiff's claim for a hostile work environment. To survive a motion to dismiss, a plaintiff must allege that they experienced unwelcome harassment based on race that was sufficiently severe or pervasive to alter the conditions of employment. As Defendant's own brief acknowledges, Plaintiff alleged he was subjected to racial slurs by a co-worker. Furthermore, when Plaintiff reported this behavior to Superintendent Mike Dewitt and Foreman Stephan Davenport on September 3, 2024, the co-worker made threats and used *additional* slurs directly in front of management. Placing an employee in a situation where they are subjected to open racial slurs and physical threats—even during a meeting with supervisors—clearly meets the standard for severe and pervasive harassment at the pleading stage.

## B. Plaintiff Has Sufficiently Alleged Tangible Adverse Employment Actions

Title VII prohibits discrimination concerning the "compensation, terms, conditions, or privileges of employment." The Amended Complaint sets forth specific adverse actions taken by Defendant that negatively impacted Plaintiff's career trajectory and earning potential. Specifically, Defendant denied Plaintiff commercial driving duties, denied him equipment-operator training, and passed him over for a promotion to an Equipment Operator position. These are not trivial workplace grievances; they are tangible, adverse employment actions that

materially affected the terms of Plaintiff's employment and his opportunities for advancement.

### C. Plaintiff Has Sufficiently Pled a Title VII Retaliation Claim

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show they engaged in protected activity, suffered an adverse action, and that there is a causal connection between the two. Plaintiff engaged in protected activity on September 3, 2024, by reporting racial harassment to management. Following this report, Defendant took retaliatory actions, including denying Plaintiff training and promotions. Furthermore, in a shocking display of retaliation and disregard for Plaintiff's safety and well-being, Defendant deliberately placed the harassing co-worker *back* onto Plaintiff's crew on December 17, 2024. This timeline of events easily satisfies the pleading requirements for a causal connection between Plaintiff's protected complaints and the retaliatory actions taken against him.

## III. CONCLUSION

For the foregoing reasons, Plaintiff has plausibly alleged all necessary elements of his Title VII claims regarding harassment, adverse employment actions, and retaliation. Defendant's Partial Motion to Dismiss should be denied in its entirety.

Respectfully submitted this 21st day of October, 2026.

Travis Andre Goldston

*Pro Se* Plaintiff

## CERTIFICATE OF WORD COUNT

Pursuant to LR 7.3(d)(1), the undersigned certifies that the foregoing brief, including the body of the brief, headings, and footnotes, contains fewer than 6,250 words, as determined by the word-count feature of the word-processing software used to prepare it.

Travis Andre Goldston

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Response in Opposition to Motion to Dismiss was served upon Counsel for Defendant by hand-delivering a copy of the same, addressed as follows:

Jonathan Wall

HIGGINS BENJAMIN, PLLC

301 N. Elm Street, Suite 800

Greensboro, NC 27401-2260

This, the 22nd day of October, 2026.

______________________________

Travis Andre Goldston

Pro Se Plaintiff

Travis.goldston21@gmail.com

3207 Morley Road

Greensboro NC. 27405-4801