FILED
IN THIS OFFICE
NOV 2 4 2026
Clerk U.S. District Court
Greensboro, NC
BY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
**Greensboro Division**

**TRAVIS ANDRE GOLDSTON,**

Plaintiff, *Pro Se*,

v.

**BREECE ENTERPRISES, INC.,**

Defendant.

**Case No. 1:26-cv-00901-DAB-LPA**

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ESI RETENTION ORDER

Pursuant to M.D.N.C. Local Rules 7.2, 7.3, and 16.1(f), Plaintiff Travis Andre Goldston, proceeding *pro se*, submits this Brief in support of his Motion for an ESI Retention Order.

## 1. NATURE OF THE MATTER BEFORE THE COURT

This is a federal employment discrimination and retaliation action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, arising out of Plaintiff's employment with and June 10, 2025 termination by Defendant Breece Enterprises, Inc. Plaintiff moves pursuant to Local Rule 16.1(f) and Fed. R. Civ. P. 37(e) for an order requiring Defendant to preserve potentially relevant Electronically Stored Information ("ESI") and suspend any automatic deletion or

overwriting policies after the parties were unable to reach a retention agreement during and after their November 12, 2026 conference.

## 2. CONCISE STATEMENT OF THE FACTS

Plaintiff was employed by Defendant Breece Enterprises, Inc. from June 10, 2024, until his termination on June 10, 2025 (DE 4). On June 16, 2025, six days after his discharge, Plaintiff submitted an Online Inquiry to the Equal Employment Opportunity Commission ("EEOC"), Inquiry/Charge No. 435-2025-01433, alleging retaliation and discriminatory treatment, and also submitted a complaint to the High Point Housing Authority (Exhibit A). Plaintiff subsequently signed his formal EEOC Charge on August 18, 2025, and commenced this action following receipt of his Notice of Rights (DE 4; DE 10).

On November 12, 2026, Plaintiff and Defense Counsel Jonathan Wall held the Rule 26(f) conference via Zoom. During the conference, Plaintiff raised preservation and spoliation concerns regarding missing crew group text messages. Defense Counsel stated that he was unaware of any deleted text messages and declined to discuss spoliation or preservation further. Later that day, Plaintiff emailed Defense Counsel his proposed ESI parameters along with Exhibit A (June 16, 2025 EEOC Inquiry) and Exhibit B (*ESI List.pdf*). Due to a widespread Microsoft Outlook outage on November 12, Plaintiff hand-delivered physical copies of the email and both exhibits to Defense Counsel's office on

November 13, 2026, at 10:35 AM, and Defense Counsel confirmed receipt in writing at 2:31 PM. Having received no written confirmation of a litigation hold or retention agreement by November 18, 2026—or following Plaintiff's November 20, 2026 follow-up email—Plaintiff timely files this Motion within the 10-day window prescribed by Local Rule 16.1(f) and Fed. R. Civ. P. 6(a)(1)(C).

## 3. QUESTION PRESENTED

Whether the Court should enter an ESI Retention Order pursuant to M.D.N.C. Local Rule 16.1(f) and Fed. R. Civ. P. 37(e) directing Defendant Breece Enterprises, Inc. to suspend automatic deletion policies and preserve potentially relevant electronic communications, payroll/timekeeping records, and personnel data for key custodians, where Defendant's duty to preserve attached no later than June 16, 2025, and the parties have been unable to reach a retention agreement.

## 4. ARGUMENT

### A. Defendant's Duty to Preserve Potentially Relevant ESI Attached No Later Than June 16, 2025.

Under settled Fourth Circuit precedent, "[t]he duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to

anticipated litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001); *see also Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). Once a party reasonably anticipates litigation, "it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). Federal Rule of Civil Procedure 37(e) reinforces this obligation, authorizing curative measures and sanctions where ESI that should have been preserved in anticipation of or in the conduct of litigation is lost because a party failed to take reasonable steps to preserve it.

Here, Defendant's duty to preserve arose no later than June 16, 2025, when Plaintiff filed his EEOC Inquiry (Charge No. 435-2025-01433) and reported Defendant's conduct to the High Point Housing Authority (Exhibit A), and was indisputably reinforced upon service of the formal EEOC Charge and this lawsuit.

**B. A Retention Order Under Local Rule 16.1(f) Is Warranted Because the Parties Have Not Reached a Retention Agreement and Routine Auto-Deletion Risks Irreversible Loss of Evidence.**

M.D.N.C. Local Rule 16.1(f) expressly authorizes a party to file a motion within 10 days of the parties' conference seeking a Court order on the scope of retention of potentially relevant documents—specifically including "documents

stored electronically and the need to suspend any automatic deletion or electronic documents or overwriting of backup material tapes."

In an employment retaliation case, contemporaneous electronic communications—such as crew group SMS/text messages, messages between supervisors (including Superintendent Mike Dewitt and Foreman Stephan Davenport), Microsoft 365/Outlook emails, dispatch/scheduling logs, and electronic payroll/timekeeping records—are critical to establishing pretext and disparate treatment of comparators. Because routine corporate IT policies and mobile devices frequently auto-delete text messages, emails, and logs after 30 to 90 days, the absence of a confirmed litigation hold creates an immediate risk of spoliation. Requiring Defendant to preserve existing ESI in place imposes minimal burden compared to the irreversible prejudice Plaintiff would suffer if key electronic records are destroyed before discovery opens.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion and enter an Order directing Defendant Breece Enterprises, Inc. to immediately suspend any automatic deletion policies and preserve all potentially relevant ESI identified in Exhibit B in native format with metadata intact.

Respectfully submitted this 24th day of November, 2026 by:

11/24/26

**Travis Andre Goldston,** Plaintiff, *Pro Se*

3207 Morley Road

Greensboro, NC 27405

Telephone: (743) 209-8100

Email: travis.goldston21@gmail.com

## CERTIFICATE OF WORD COUNT

Pursuant to M.D.N.C. Local Rule 7.3(d)(1), the undersigned *pro se* Plaintiff certifies that the foregoing Brief, including the body of the brief, headings, and footnotes (and excluding the caption, signature block, and certificates), contains fewer than 6,250 words (approximately 800 words), as determined by the word-count feature of the word-processing software used to prepare it.

Respectfully submitted this 24th day of November, 2026 by:

11/24/26

**Travis Andre Goldston,** Plaintiff, *Pro Se*

3207 Morley Road

Greensboro, NC 27405

Telephone: (743) 209-8100

Email: travis.goldston21@gmail.com

## CERTIFICATE OF SERVICE

## For Brief in Support of Plaintiff's Motion for an ESI Retention Order

I hereby certify that on this 24th day of November, 2026, I filed the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ESI RETENTION ORDER** (together with Exhibits A and B and the accompanying Proposed Order) with the Clerk of Court for the United States District Court for the Middle District of North Carolina, and served a true and correct copy upon Counsel for Defendant by **hand delivery** to the office of Counsel addressed as follows:

Jonathan Wall, *Counsel for Defendant Breece Enterprises, Inc*

Higgins Benjamin, PLLC

301 N. Elm Street, Suite 800

Greensboro, NC 27401-2260

Respectfully submitted this 24th day of November, 2026 by:

[signature] 11/24/26

**Travis Andre Goldston,** Plaintiff, *Pro Se*

3207 Morley Road

Greensboro, NC 27405

Telephone: (743) 209-8100

Email: travis.goldston21@gmail.com